UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHAWN HASSETT,

                      Plaintiffs,                            **COMPLAINT**

   -against-

WOODHOLLOW CONTRACTING CORP. and
NICHOLAS GASPARO,

                      Defendants.
------------------------------------------------------------------------X

Plaintiff, SHAWN HASSETT ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, WOODHOLLOW CONTRACTING CORP. and NICHOLAS GASPARO (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## THE PARTIES

4. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

1

5. Defendant, Woodhollow Contracting Corp. ("WCC"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New Yok with corporate offices located at 3500 Sunrise Highway, Great River, New York 11739.

6. At all relevant times, Defendant, WCC, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and used tools, equipment and other materials, many of which originated in states other than New York.

7. At all times relevant, Defendant WCC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York Labor Law §190(3).

8. Defendant Nicholas Gasparo ("Gasparo") is a resident of Suffolk County.

9. Defendant Gasparo is and owns and/or operates WCC, is a shareholder of the corporation, an officer the corporation, has authority to make payroll and personnel decisions for WCC, and is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

10. Defendant Gasparo, as a result of his position as owner of the corporate defendant, is liable to Plaintiff as an "employer" within the meaning of state wage and hour law for the unpaid wages Plaintiff seeks to recover.

**FACTUAL ALLEGATIONS**

11. Defendants are engaged in the electrical contracting business.

12. Plaintiff was employed by Defendants as a manual laborer from in or about March 2018 until in or about October 2019.

13. During his employment with Defendants, Plaintiff worked more than 40 hours per week but was not paid overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked after 40 hours per week.

14. Defendants' failure to pay overtime compensation was willful.

15. Defendants failed to pay Plaintiff for each hour worked and to pay Plaintiff in accordance with the agreed terms of employment in violation of Labor Law Section §191(1)(d).

16. Defendants paid Plaintiff, a manual worker, on a bi-weekly basis in violation of New York Labor Law §191.

17. Defendants required Plaintiff to use his own vehicle for work and failed to reimburse Plaintiff for the cost of fuel in violation of Labor Law §193.

18. Defendants failed to provide Plaintiff upon hire written notice of his rate of pay and other information required by Labor Law §195(1).

19. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195(3).

20. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## FIRST CLAIM FOR RELIEF

21. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per

week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

23. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

24. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

25. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendants willfully failed to compensate the Plaintiff for all hours worked and in accordance with the agreed terms of employment in violation of Labor Law Section §191(1)(d) and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

27. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Plaintiff's agreed upon wage rate was within the meaning of Labor Law §190, 191.

30. Plaintiff was entitled to be paid all his weekly wages "not later than seven calendar days after the end of the week in which the wages were earned."

31. Defendants violated Labor Law §191 by failing to pay Plaintiff all of his wages earned within the week such wages were due.

32. Plaintiff is entitled to recover from Defendants unpaid wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Plaintiff was a "manual worker" as defined by the New York Labor Law. Defendants were required to pay the Plaintiff on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

35. Defendants failed to pay Plaintiff on a weekly basis and instead paid Plaintiff on a bi-weekly basis.

36. Plaintiff is entitled to statutory damages equal to the total of the delayed wages.

## FIFTH CLAIM FOR RELIEF

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants required Plaintiff to purchase fuel to carry out duties assigned by Defendants in violation of Labor Law §193.

39. Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

40. Plaintiff is entitled to recover from Defendants the expenses incurred by Plaintiff to perform the duties assigned by Defendants, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants failed to provide Plaintiff with a written notice upon hire regarding, *inter alia*, his rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

43. Due to Defendants' failure to provide Plaintiff with the notice required by New York Labor Law § 195(1), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

### SEVENTH CLAIM FOR RELIEF

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including, *inter alia*, the regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

46. Due to Defendants' failure to provide Plaintiff with accurate wage statements as required by New York Labor Law § 195(3), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)   Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)    Damages pursuant to New York State Labor Law §198;

(v)     All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       January 2, 2020

                                        LAW OFFICE OF PETER A. ROMERO PLLC

                                        */s/ Peter A. Romero*
                        By:             _____
                                        Peter A. Romero, Esq.
                                        825 Veterans Highway Ste. B
                                        Hauppauge, New York 11788
                                        (631) 257-5588
                                        Promero@RomeroLawNY.com
                                        *Attorneys for Plaintiff*